**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DANIEL YUSIM and MARK YUSIM<br>Plaintiffs,<br>v.<br>24 HOUR FITNESS,<br>Defendant. | No. 26-cv-3604<br><br>**MEMORANDUM ORDER** |

**CECCHI, District Judge.**

Before the Court is plaintiffs Daniel and Mark Yusim's ("Plaintiffs") motion to remand this action to the Superior Court of New Jersey, Union County. ECF No. 3; *see* ECF No. 4 ("Moving Br."). Defendant 24 Hour Fitness USA LLC ("24 Hour Fitness") opposed the motion, ECF No. 20 ("Opp'n Br."), and Plaintiffs replied, ECF No. 22 ("Reply Br."). The Court decides the motion without oral argument. Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons stated below, the Court will deny Plaintiffs' motion to remand.

**WHEREAS** on March 2, 2026, Plaintiffs sued 24 Hour Fitness in the Superior Court of New Jersey. ECF No. 1 ¶ 1; *see* ECF No. 1, Ex. A ("Compl."). Plaintiffs allege that 24 Hour Fitness discriminated against Plaintiffs because of their ethnicity and religion and denied Plaintiffs benefits under their membership contracts with the gym. *See* Compl. ¶¶ 3, 5–16. Based on this alleged misconduct, Plaintiffs asserted claims for (1) violations of the New Jersey Law Against Discrimination, (2) violations of the New Jersey Consumer Fraud Act, and (3) breach of contract and breach of the implied covenant of good faith and fair dealing under New Jersey law. *Id.* ¶¶ 17–27. They alleged compensatory damages of $750,000 and sought treble damages, statutory penalties, and punitive damages. *Id.* at 7; and

**WHEREAS** on April 6, 2026, 24 Hour Fitness removed the state-court action to this Court pursuant to 28 U.S.C. § 1441(b), invoking diversity jurisdiction based on 28 U.S.C. § 1332(a). ECF No. 1 ¶¶ 5–12. Specifically, in its notice of removal, 24 Hour Fitness (1) alleged that Plaintiffs are citizens of New Jersey given they both identified themselves as residents of the state in their complaint, *id.* ¶¶ 10–11; *see* Compl. ¶¶ 1–2, and (2) stated that it "is a limited liability company" whose members are citizens of states other than New Jersey, ECF No. 1 ¶¶ 7–9. 24 Hour Fitness also stated that "the damages alleged by [P]laintiffs [in the complaint] exceed the $75,000 threshold set forth in 28 U.S.C. § 1332(a)." *Id.* ¶ 5. Plaintiffs now move to remand the case back to state court. ECF No. 3; and

**WHEREAS** pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States[.]" 28 U.S.C. § 1441(a). "Once an action has been removed, a plaintiff may challenge removal by moving to remand the case back to State court, for either (1) a lack of district court subject matter jurisdiction or (2) a defect in the removal procedure[.]" *Obeng v. Zimmer Biomet Holdings, Inc.*, No. 25-15754, 2026 WL 2389201, at *1 (D.N.J. Aug. 17, 2026) (citation modified). "And on a motion to remand, the party asserting jurisdiction (*i.e.*, the removing party) bears the burden of establishing that the action is properly before the court." *Id.* (citation modified); and

**WHEREAS** in their motion to remand, Plaintiffs raise three arguments. Plaintiffs' first two arguments attack the adequacy of 24 Hour Fitness's notice of removal. Moving Br. at 2–4. Plaintiffs' third argument contends that 24 Hour Fitness failed to establish that diversity of citizenship existed at the time of removal and asserts that its subsequent filings could not cure

any jurisdictional deficiencies. *Id.* at 4. Based on these purported deficiencies, Plaintiffs contend that the Court must remand the action to state court. *Id.* at 5; and

**WHEREAS** the Court disagrees and will deny Plaintiffs' motion. On Plaintiffs' first set of arguments, 24 Hour Fitness must adequately state in its notice of removal "a short and plain statement of the grounds for removal," here, complete diversity of citizenship and over $75,000 in controversy. 28 U.S.C. § 1446(a); *see id.* § 1332; *Scioli Turco, Inc. v. Phila. & Reading R.R. Co.*, No. 21-563, 2023 WL 3007926, at *2 (E.D. Pa. Apr. 19, 2023) ("The Court has diversity jurisdiction over this matter if complete diversity exists and the amount in controversy is greater than $75,000."); and

**WHEREAS** regarding Plaintiffs' citizenship, although the complaint alleges New Jersey residence, the notice of removal expressly alleges New Jersey citizenship. Compl. ¶¶ 1–2; ECF No. 1 ¶¶ 10–11. An individual's citizenship is determined by domicile, not residence. *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34–35 (3d Cir. 2018). The Court accepts 24 Hour Fitness's allegations as to Plaintiffs' citizenship for purposes of this motion because Plaintiffs do not appear to dispute them and the present record provides no other basis to question them. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015); and

**WHEREAS** regarding 24 Hour Fitness's citizenship, the notice of removal stated that it is a limited liability company ("LLC"), ECF No. 1 ¶ 7, and an LLC's citizenship "is determined by the citizenship of its members[,]" *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). The notice further described 24 Hour Fitness's membership structure as a "chain" of LLCs and a limited partnership and alleged that none of these entities were citizens of the state of New Jersey. ECF No. 1 ¶¶ 8–9. After filing the notice of removal, 24 Hour Fitness filed a diversity disclosure statement identifying each of the members and partners in its

membership "chain" and indicating that its ultimate members were citizens of Florida and Nevada. ECF No. 9 at 1; and

**WHEREAS** the Court deems the notice of removal amended to incorporate 24 Hour Fitness's citizenship allegations in its later-filed diversity disclosure statement. *See USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 204–05 & n.12 (3d Cir. 2003) (permitting consideration of jurisdictional facts in later-filed affidavits as amendments to notice of removal when those facts clarify basis for removal or correct technical deficiencies in the original allegations). The disclosure describes 24 Hour Fitness's membership structure and identifies its ultimate members and their states of citizenship; it does not introduce any new ground for removal. *See id.* at 204–05; *see also Fineman v. Trek Bicycle Corp., Ltd.*, No. 23-2272, 2024 WL 2709549, at *2 (E.D. Pa. Mar. 11, 2024) (finding no deficiency in removal where defendant LLC identified citizenship of its members in removal and filed a subsequent declaration "reciting its members and confirming the accuracy of the [notice's] statement" regarding citizenship). In addition, 24 Hour Fitness noted that Plaintiffs alleged in their complaint that their damages exceed $75,000.[1] ECF No. 1 ¶ 5. Therefore, 24 Hour Fitness has satisfied its burden under § 1446(a); and

**WHEREAS** on Plaintiffs' final argument, the Court is satisfied that diversity jurisdiction existed at the time of removal. *Sanchez v. L3 Harris Techs., Inc.*, No. 20-5555, 2021 WL 4810780, at *2 (D.N.J. Oct. 14, 2021) ("To remove a case based on diversity jurisdiction, diversity between the parties must exist at the time the claim was filed and when removal is sought."). On this point, Plaintiffs argue that 24 Hour Fitness did not establish subject matter jurisdiction at the time of removal because it "later suppl[ied] the necessary facts only after the defect [was] challenged." Moving Br. at 4. But as explained, the Court may consider the

---

[1] Plaintiffs do not appear to contest that 24 Hour Fitness properly stated that the amount in controversy is satisfied here.

supplemental jurisdictional facts provided in 24 Hour Fitness's diversity disclosure statement. As to whether diversity existed at the time of removal, 24 Hour Fitness's diversity disclosure statement substantiates the basis for removal identified in the notice of removal. Therefore, Plaintiffs' argument that 24 Hour Fitness improperly attempted to "retroactively supply jurisdiction" with its later submission misses the mark. Moving Br. at 4. Based on the foregoing, the Court sees no issue with exercising its diversity jurisdiction.

Accordingly, **IT IS** on this 24th day of November 2026;

**ORDERED** that Plaintiffs' motion to remand (ECF No. 3) is **DENIED**.

**SO ORDERED**.

*/s/ Claire C. Cecchi*

**CLAIRE C. CECCHI, U.S.D.J.**